JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, William McGraw, appeals his conviction in the Cuyahoga County Court of Common Pleas for theft and vandalism, both felonies of the fifth degree. For the reasons stated below, we affirm.
 {¶ 2} The following testimony was adduced at trial. Officer Raymond Burant of the Cleveland Police Department testified that on January 20, 2004 he was given a theft warrant to look for William McGraw ("McGraw") and his father, Dorsey McGraw ("Dorsey"). The initial report provided a license plate number associated with a 1988 Ford pickup truck. The plate was listed to Susan Slone, who resided at 11710 Longmead in Cleveland. Officer Burant went to this location on February 5, 2004, observed the above-mentioned pickup truck parked in the driveway, was met by Susan Slone at the door, and was informed that McGraw was in the bedroom. Slone told McGraw that the police were there, and McGraw came out and was arrested without incident. After securing McGraw in the police car, Officer Burant looked into the back of the suspect truck and saw two pieces of bent-up, blue-ish gray aluminum siding, along with some other debris. McGraw indicated to Officer Burant that a few days earlier, Dorsey had used the truck "to go junking, pick up ice boxes, stoves, et cetera." On cross-examination, Officer Burant testified that nothing was done to determine whether the siding found in the truck actually came from the house from which it was reported stolen.
 {¶ 3} Chuck Donner, an employee of Rysar Properties, testified that on January 20, 2004 he went to 2912 East 118th
Street in Cleveland to work on a repair job. Donner stated that he was under the impression that he was going to be the only person there, but when he pulled up to the property, he saw a beat-up, red Ford truck that was full of aluminum siding in the driveway. Donner noticed that the siding in the truck was crumpled and noticed siding was missing on the house. Donner observed that a man "popped around the back," that the man was talking with someone, and that he then darted behind the house. Donner did not actually observe the men removing siding from the house.
 {¶ 4} After Donner called his supervisor, Donner saw the man come around the back of the house, get in his truck, and proceed down the driveway, where he almost hit Donner's vehicle, which was blocking the driveway. Because Donner did not want his vehicle damaged, he moved his vehicle, and the man proceeded to leave the premises. Donner described the man as wearing a parka. Donner also stated, "I do remember the gentleman's face that I had seen on the property. And when you make eye contact with someone, you usually are able to recognize them later especially, like I said, when they tried to do damage to my property."
 {¶ 5} Donner indicated that he did not know McGraw personally, but McGraw had "probably" been at some other sites where Donner had been. Donner was never shown a photo array. However, in court, Donner identified McGraw as the man he saw at the house and indicated that he was 100 percent certain. When questioned further about identifying McGraw, Donner stated, "I remember that gentleman's face because I looked right at his face as he was trying to get out of the driveway. It was that gentleman right there [referring to McGraw]." Donner also provided the police with the license plate number of the truck, which led the police directly to McGraw.
 {¶ 6} Adam Metzer, another employee of Rysar Properties, testified that his company purchased the property at 2912 East 118th Street for the purpose of renovation and resale. Metzer indicated that the siding on the house was in good condition. The company had the siding painted blue. Metzer stated his supervisor instructed him to go to the house after Donner had called in to report the red pickup truck in the driveway. When driving up the one-way street to the house, Metzer passed a red pickup truck that was heading in the wrong direction. Metzer stated he saw McGraw in the truck and also saw blue aluminum siding in the bed of the truck. Metzer testified that he recognized McGraw because McGraw had worked on other jobs for Rysar Properties as a subcontractor. Metzer was never shown a photo lineup by police. However, Metzer stated, "I knew him, I recognized him. I've talked to him before." Metzer also indicated that McGraw was wearing a parka. Upon questioning from the trial court judge, Metzer stated that he also saw McGraw's father.
 {¶ 7} Upon arriving at the house, Metzer observed that the aluminum siding had been stripped off the lower part of the house, all the way around. Metzer drove to McGraw's house that day, saw the truck parked in the driveway, and noticed all the siding was gone except a couple of scrap pieces that were painted the same color as the siding that had been stolen. Metzer stated it cost the company approximately $5,000 to replace the stolen siding. The billing exhibit reflected a total cost of $4,690.
 {¶ 8} McGraw testified that he lives with his fiancee, Susan Slone. McGraw indicated that he worked as a subcontractor repairing siding at the house in question on three occasions, all prior to the date of the incident. McGraw stated that he was not at the house on January 20th and that he did not take siding from the house or transport siding from the house in a red truck. McGraw claimed he did not have the truck on the date of the incident because he had lent the truck out to his uncle, father, and cousin from January 18 until January 23, 2004. McGraw indicated he lent the truck out because his dad and uncle were being evicted and were supposed to be moving.
 {¶ 9} McGraw testified that he had seen Donner on jobs before and that he had seen Metzer "a lot more." McGraw claimed that Donner and Metzer were lying about the incident. On cross-examination, McGraw stated that someone would steal siding for the aluminum, which can be scrapped. McGraw testified that a person can get "like 40 cents a pound" for aluminum.
 {¶ 10} Susan Slone testified that the police came to her house looking for McGraw on February 5, 2004. She stated she owned the truck and had loaned it to her father-in-law, his brother, and his nephew because they were moving. She indicated she had lent them the truck for three or four days but was not sure whether they had the truck on January 20. On cross-examination, Slone stated she had no way of knowing whether her father-in-law had loaned the truck to anyone else while it was in his possession.
 {¶ 11} McGraw was charged and convicted of theft and vandalism. He raised a motion for acquittal that was denied at trial. He was sentenced to community control sanctions for a one-year period. On this appeal, McGraw has raised two assignments of error challenging his conviction and sentence as being against the sufficiency and manifest weight of the evidence. The assignments of error provide:
 {¶ 12} "I: The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence that appellant was involved in these crimes."
 {¶ 13} "II: Appellant's conviction is against the manifest weight of the evidence."
 {¶ 14} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 15} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which [the trier of fact] could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard,104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 16} The theft statute under which McGraw was convicted, R.C. 2913.02, provides in relevant part: "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent."
 {¶ 17} The vandalism statute, R.C. 2929.05, provides in relevant part: "(B)(1) No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies: (a) The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more."
 {¶ 18} Under his sufficiency challenge, McGraw argues that there was insufficient evidence to establish that he took the siding or vandalized the property. He asserts that neither Donner nor Metzer were shown a photo array, and he questions their ability to identify McGraw. Our review of the evidence reflects that both Donner and Metzer described McGraw as wearing a parka. Donner testified that he looked right at McGraw's face as he was trying to get out of the driveway and that he was 100 percent certain of his identification of McGraw. Donner also provided the police with a license plate number that led the police directly to McGraw. Metzer testified that he recognized McGraw because McGraw had previously worked as a subcontractor for Rysar Properties. According to Metzer, he knew McGraw and had talked to him on prior occasions. Both Donner and Metzer observed the red truck, driven by McGraw, with siding in the back and noticed siding had been taken off the house in question. We find that viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes were proved beyond a reasonable doubt.
 {¶ 19} McGraw next argues that his conviction is against the manifest weight of the evidence. Under this assignment of error, McGraw again claims that the eyewitness testimony was questionable and lacked credibility. McGraw also states that he and Slone provided a logical and believable explanation regarding the truck. Upon our review of the record, we find the trier of fact, viewing the record as whole, could find that McGraw's testimony was not credible. Although McGraw and Slone claimed to have loaned the truck to relatives, there was testimony that McGraw's father was in the truck with him. Also, Slone indicated she had no way of knowing whether her father-in-law had loaned the truck to anyone else and she was not even certain whether she had the truck on January 20, 2004. Both Donner and Metzer identified McGraw as the person leaving the scene of the incident with a truckload of blue siding. This truck was traced back to Slone and McGraw. The cost to replace the siding was $4,690.
 {¶ 20} Upon our review of the record, we find there was substantial evidence upon which the trier of fact could reasonably conclude that all the elements were proved beyond a reasonable doubt. We conclude that McGraw's conviction was not against the sufficiency or manifest weight of the evidence.
 {¶ 21} McGraw's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Kenneth A. Rocco, J., concur.